## FOLLETT vs. WEED & WEED.

An application upon petition under the Revised Statutes (2 R. S., 199–200,) for an order compelling a party to discover certain books and papers in his possession, &c., may be made in the same manner as before the code took effect.

It is an application, where the former practice of the court is retained by sections 389 and 390 of the code.

Section 342 of the code has not in any manner changed the practice, or given any new additional remedy. It applies only to *papers*, not to books, and its only effect is, to sanction by legislative enactment a part of the 29th rule of the court.

*Buffalo, Sept.* 28, 1848.—This cause is at issue, and an application is now made upon a petition under the Revised Statutes, (2 R. S. 199–200,) for an order compelling the Defendants to discover certain books and papers in their possession, which are necessary to enable the Plaintiff to prepare for trial. It is conceded that, under the former practice, enough is shown to entitle the Plaintiff to the order, but it is insisted the Code of Procedure has substantiated a new remedy for this proceeding, and by implication repealed it.

T. C. WELCH, *for Plaintiff.*
S. G. HAVEN, *for Defendants.*

SILL, Justice.—The question is, whether the provisions of the code are inconsistent with that part of the Revised Statutes, and the rules of the court applicable to this proceeding. The Revised Statutes authorized the court or a justice thereof to make an order to compel a discovery of books, papers and documents, relating to the merits of a pending suit, but did not provide for the detail of the practice in obtaining and enforcing it. This was required to be done by general rules of the court. In obedience to the statute, the late and present courts prescribed rules regulating this practice; and among other things provided that the order might either require a party to deliver sworn copies of the matters to be discovered or to produce and deposit them for a specified time in a clerk's office. (Rule 29.) I am cited to sections 342 to 348 of the code, which it is said have abrogated the former practice.

Section 342 provides that the court in which a suit is pending or a judge or justice thereof may, in *his discretion* and upon due notice, order either party to give the other an inspection and copy, or permission to take a copy of a paper in his possession or under his control, containing evidence relating to the merits of the action or defence. The only effect of this section is, to sanction by legislative enactment, a part of the 29th rule of the court. It applies only to *papers*, not to books, and omits the

requirement that the copy should be verified, which the courts deemed proper, to guard against imposition and fraud, by serving false copies. Under the former statute and the rules, a paper might be ordered to be deposited, thus enabling the party to inspect and take a copy of it, or the court might order a sworn copy delivered. The Revised Statutes authorized the order, when the court or officer deemed it proper, and the new law refers it to the discretion of the court or justice. A proper exercise of this discretion would require, undoubtedly, the party applying, to show substantially, what is required by the 28th rule. The 342d section omits to direct the particular manner in which the inspection and copy are to be obtained, leaving it to be prescribed by the court. And, in my opinion, the standing rules of the court apply to and regulate alike the practice under this section and the statute in force, when the code took effect; or, in other words, this section has not in any manner changed the practice or given any new additional remedy.

The other sections cited, all relate to the examination of a party as a witness. It is insisted that a new remedy is given by them, enabling a party to obtain a discovery of books and papers by a subpœna·*duces tecum*, and by implication supersedes the statute and rules under which the application is made.

This part of the code is in derogation of common law rights, and it is made a question, whether upon a strict construction, it gives any remedy other than an oral examination. No other is expressly given; but I do not now feel called upon to decide this point. There is nothing in these sections, or the notes of the commissioners upon them, indicating any design that they should take the place of that part of the Revised Statutes cited, but it does not appear that they were intended as a substitute for a suit in equity to compel a discovery, which is abolished by section 343. I can discover no reason for saying that the two acts may not stand together. It is suggested that the section last cited takes away the power to order sworn copies of papers to be delivered, on the ground that it is a discovery under oath. That section abolishes *actions* to obtain discovery. This is not an action, and this restriction does not apply.

If this were all, there would be no difficulty in saying that the former statute is not repealed, nor the rules abrogated, as applicable to the question. " The present rules and practice of the courts in civil actions, inconsistent with this act, are abrogated, but when consistent with this act, they shall continue in force, subject to the powers over the same, of the respective courts as they now exist." (Section 389.) " Until the Legislature shall otherwise provide, this act shall not affect proceedings

upon mandamus, &c., &c., *nor any special statutory proceeding relating to actions not inconsistent with this act, and in substance applicable to the actions hereby provided,*" &c. (Section 390.)

This is a case where the former practice of the court is retained by these provisions. Order granted.